IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JAIRO ARTURO OSORIO-ENRIQUEZ; and LOIS OSORIO, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. ENGLAND, INC., et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT RE: PLAINTIFFS' PUNITIVE DAMAGES CLAIM<br><br>Case No. 2:14-CV-448 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion for Partial Summary Judgment re: Plaintiffs' Punitive Damages Claim. Plaintiffs have failed to respond to the Motion and the time for doing so has now passed. For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

This case arises from a trucking accident in which Plaintiff Jairo Arturo Osorio-Enriquez was injured. At the time of the accident, Mr. Osorio-Enriquez was a passenger in a semi-truck driven by Defendant C.R. England employee Jerry Fortenberry. Plaintiffs allege that Mr. Fortenberry was negligent in operating the semi-truck, which caused him to lose control and caused injuries to Mr. Osorio-Enriquez.

Plaintiffs seek punitive damages. Plaintiffs allege that Defendants "engaged in conduct that was malicious, willful, oppressive, fraudulent, intentional and done in a reckless disregard of Plaintiff's rights as Defendant failed to follow known safety procedures and failed to act to avoid

the harmful consequences of the events surrounding the incident despite their knowledge of same."[1]  Defendants now seek summary judgment on the issue of punitive damages.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## III.  DISCUSSION

In Utah, punitive damages may be awarded if "it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others."[5]  Under the statute, "two types of conduct justify an award of punitive damages: (1) 'willful and malicious or intentionally fraudulent

---

[1] Docket No. 1 ¶ 17.

[2] Fed. R. Civ. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[5] Utah Code Ann. § 78B-8-201(1)(a).  Both parties have applied Utah law in this case. The Court will do the same.

conduct' or (2) 'a knowing and reckless indifference toward, and a disregard of, the rights of

others.'"[6]

> To prove that a tortfeasor's actions were knowing and reckless, a party must
> prove that the tortfeasor knew of a substantial risk and proceeded to act or failed
> to act while consciously ignoring that risk.  Recklessness includes conduct where
> "the actor kn[ew], or ha[d] reason to know, . . . of facts which create a high degree
> of risk of physical harm to another, and deliberately proceeds to act, or to fail to
> act, in conscious disregard of, or indifference to, that risk."[7]

The "knowing" element "require the plaintiff [to] prove actual knowledge by the defendant of

the danger created by the defendant's conduct."[8]

Since Plaintiffs have failed to respond to Defendants' Motion, the basis for their request

for punitive damages is unclear.  In their discovery responses, Plaintiffs state:

> There has been testimony by Defendant C.R. England's employees, along
> with disclosed documentation from C.R. England relating to safety policies and
> procedures regarding C.R. England drivers, which show that C.R. England knew
> that letting trainees drive between the hours of 1:00 a.m. and 5:00 a.m. could
> constitute a substantial safety risk.  There was also testimony by Defendant C.R.
> England's employees suggesting that despite this knowledge, C.R. England never
> directly enforced or had an appropriate system in place to enforce its policies
> regarding trainees driving between the hours of 1:00 a.m. and 5:00 a.m.
> C.R. England never directly enforced or had an appropriate system in
> place to enforce its policies regarding trainees driving between the hours of 1:00
> a.m. and 5:00 a.m. despite evidence showing that C.R. England had the
> procedural and mechanical capability to do so without much added effort and
> expense.
> As to Defendant Jerry Fortenberry, he testified that he was too tired to
> drive at the time of the incident but that [he] chose to do so without asking for
> help to Jairo Osorio or contacting anyone at C.R. England.[9]

---

[6] *Daniels v. Gamma W. Brachytherapy, LLC*, 221 P.3d 256, 269 (Utah 2009) (quoting Utah Code Ann. § 78B-8-201(1)(a)).

[7] *Id.* (quoting Restatement (Second) of Torts § 500 cmt. a (1965)).

[8] *Id.* (internal quotation omitted) (alteration in original).

[9] Docket No. 55 Ex. 1, at 7.

Plaintiffs' statement in their discovery responses is not supported by the evidence. Defendants have shown that C.R. England did have a policy in place that discouraged trainees from driving between the hours of midnight and 4:00 a.m.  Before driving during this time, trainees were required to contact a safety manager to discuss the risks and preventative strategies for managing fatigue.  Additionally, C.R. England policy prohibited drivers from driving while fatigued.  There is evidence that C.R. England enforced its policies through its trainers.  There is further evidence that C.R. England's policies exceeded the requirements of federal and state regulations.  Finally, there is the testimony of Mr. Fortenberry, who testified that he felt he was able to drive at the time of the incident.

Based upon this evidence, there are no facts from which a reasonable jury could conclude that Defendants' conduct was willful and malicious or intentionally fraudulent conduct, or manifested a knowing and reckless indifference toward, and a disregard of, the rights of others. Therefore, summary judgment on Plaintiffs' claim for punitive damages is appropriate.

## III.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion for Partial Summary Judgment re: Plaintiffs' Punitive Damages Claim (Docket No. 55) is GRANTED.

DATED this 20th day of June, 2016.

BY THE COURT:

Ted Stewart
United States District Judge

4